C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
UNITED STATES OF AMERICA,

                Plaintiff,

- against -

PAUL S. ASTRUP, ROSEANNE B. ASTRUP, NEW YORK STATE COMMISSIONER OF TAXATION AND FINANCE, AND TOWN OF SOUTHAMPTON,

                Defendants.
----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

18-cv-1531 (BMC) (LB)

**COGAN**, District Judge.

The United States (also referred to below as the "IRS"), brings this action to obtain a judgment for unpaid taxes and for recognition of the tax liens arising from those unpaid taxes. *Pro se* defendant Paul Astrup is a tax defier or protester who, since 1996, has either not filed tax returns or has filed joint tax returns with his wife, defendant Roseanne B. Astrup, showing zero tax liability despite substantial income. The IRS has moved for summary judgment against Astrup (not Ms. Astrup), and the voluminous opposition that Astrup has submitted raises no legal or factual basis for denying the motion.[1] The IRS's motion is accordingly granted.

**BACKGROUND**

---

[1] The volume of electronic data that Astrup has submitted made it practically impossible for the Clerk of the Court to docket every gigabyte. With the Court's permission, the Clerk has only docketed the cover page of some of the most voluminous exhibits, with the remainder staying on the media storage devices should the Court of Appeals request them.

In response to the IRS's Local Rule 56.1 statement of undisputed facts, Astrup has submitted the usual panoply of tax protest defenses but has failed to controvert the factual averments and evidence. As a *pro se* litigant, he received notice of his obligation to do that both from the IRS and this Court. The undisputed facts are therefore deemed admitted, see SEC v. Tecumseh Holdings Corp., 765 F. Supp. 2d 340, 344 n.4 (S.D.N.Y. 2011), but that is of little moment because the straightforward facts set forth in the IRS's Rule 56.1 statement are fully supported by the evidence it has submitted and uncontradicted by any other evidence.

From 1998 through 2008, Astrup was employed as a senior technician, working at least 40 hours a week plus overtime, at a company called Aerospace Avionics. He was paid by check and received W-2 forms annually. He retired in 2008 at 58 years old and worked part-time at a supermarket from 2008 through 2013.

Astrup filed a joint tax return (with his wife) in 2007 covering the years 1999, 2001, 2002, and 2003. He reported that he and his wife had zero wages despite his W-2s on the theory that income received from work at a private company is not subject to federal taxation, and he demanded a refund of amounts that his employer had withheld from his paychecks. The IRS demurred, and assessed frivolous filing penalties against Astrup and his wife of $18,061.48.[2]

From 2006-2012, Astrup earned wages, salary, pension distributions, retirement payments, and stock dividends. But he didn't file tax returns for those years. Based on data collected from third parties who had paid him, the IRS assessed unpaid income taxes, interest, and penalties of $430,315.61 as of February 6, 2023.

---

[2] The Court assumes that the reason the IRS is not pursuing taxes and interest instead of just the frivolousness penalty for the 2001-2003 period is because of the statute of limitations for collecting taxes, which presumably does not apply to the penalty.

Under 26 U.S.C. § 6321, the unpaid taxes and penalties gave rise to a lien on the Astrups' residential property on Long Island, which the IRS seeks to enforce.

## DISCUSSION

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986). The burden is on the moving party to identify those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits that it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp., supra, at 323. All ambiguities must be resolved, and all inferences drawn, in favor of the nonmoving party. Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). The judge's role in reviewing a motion for summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the moving party has carried its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he non-moving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original) (citations omitted). Moreover, "[w]hen the moving party has pointed to the absence of evidence to support an essential element on which the party opposing summary judgment has the burden of proof, the opposing party, in order to avoid summary judgment, must show the presence of a genuine issue by coming forward with evidence

3

that would be sufficient, if all reasonable inferences were drawn in his favor, to establish the existence of that element at trial." United States v. Rem, 38 F.3d 634, 643 (2d Cir. 1994).

The presumption of correctness applicable to tax assessments is sufficient to sustain the IRS's burden here.  It issued Certificates of Assessments and Payments and Deficiency Notices which prove that a tax assessment has been made for each of the subject years.  As the Second Circuit recently reaffirmed in In re Waters, No. 21-1219, 2022 WL 17086310, at *3, 130 A.F.T.R.2d 2022-6522 (2d Cir. Nov. 21, 2022), "[f]ederal tax assessments are presumed to be correct and constitute *prima facie* evidence of liability, . . . [and] a taxpayer who wishes to challenge the validity of the assessment . . . bears the burdens both of production and of persuasion," id. (quoting IRS v. WorldCom, Inc. (In re WorldCom, Inc.), 723 F.3d 346, 352 (2d Cir. 2013), and United States v. McCombs, 30 F.3d 310, 318 (2d Cir. 1994)).  There is no challenge before this Court as to the historical facts creating the tax liability nor to the mathematical computation of that tax liability.

The legal basis for the assessment of a frivolous filing penalty for the years 2001-2003 is statutory.  Section 6702(a) of the Internal Revenue Code provides for the penalty when a taxpayer knowingly submits "what purports to be a return of a tax" which "does not contain information on which the substantial correctness of the self-assessment may be judged" or "contains information that on its face indicates that the self-assessment is substantially incorrect."  Here, the IRS has identified the Astrups' cover letter and 1040 forms submitted for the years 1999, 2001, 2002, and 2003 as frivolous. The cover letter stated that Astrup and his wife "are a private-sector citizen [sic] employed by a private-sector company as defined in 3401(c)(d).  We are not employed in a 'trade or business' nor are we an 'officer of a

4

corporation.'"  The enclosed 1040 forms represented that they had zero wages, zero tax due, and claimed a refund of withheld wages.

These documents plainly contained false and frivolous statements and were substantially incorrect on their face.  Astrup was a paid employee of Aerospace Avionics throughout the entire period.  And his assertion that employees of private businesses do not have to pay taxes was frivolous under any definition.  Every case addressing this boilerplate tax defier argument has so held.  See e.g., Cipolla v. I.R.S., No. 02-cv-2063, 2003 WL 22952617, at *4 (E.D.N.Y. Nov. 5, 2003); accord, Meuli v. Commissioner of IRS, No. 13-cv-1114, 2013 WL 6480692, at *3 (D. Kan. Dec. 10, 2013); United States v. Howard, No. 07-cv-620, 2008 WL 4471333, at *11 (D. Ariz. June 25, 2008).

As to the 2006-2012 period, Astrup filed no tax returns at all.  He received notices of deficiency for every year.  And in his deposition, he admitted earning income throughout that period.  He has not challenged any of the data that the IRS collected from third parties to compute the amount of tax owed, and on which additional penalties and interest are based.[3]

Instead, Astrup raises the formulaic defenses that individuals who believe they shouldn't have to pay any taxes consistently raise, and which the courts have just as consistently rejected.  See Schiff v. Comm'r, 751 F.2d 116, 117 (2d Cir. 1984) (argument that the tax on wage income is unconstitutional is "wholly lacking in merit, is without any logical basis, and has been rejected countless times by the [Second Circuit] and others"); see also Banat v. Comm'r, 80 F. App'x 705, 707 (2d Cir. 2003) ("[T]he payment of income taxes is not optional.").  Astrup's defenses are the tax defier's smorgasbord, pulling out every possible phrase from the Constitution he can

---

[3] The IRS has not been able to locate Astrup's 2010 filing, and therefore has withdrawn any claims relating to the frivolous filing of that return.

5

think of: the Sixteenth Amendment was not properly ratified and is therefore unenforceable; imposition of tax violates the Thirteenth Amendment's prohibition of slavery; it violates the Fifth Amendment's privilege against self-incrimination to make individuals sign and file tax returns; the IRS cannot "seize" assets under the Fourth Amendment without a court order; and something about how assessment of taxes violates Article I by creating "class warfare."

Astrup complains that despite numerous "petitions" raising these issues, they need to be seriously evaluated. They do not. They are frivolous arguments that have been repeated *ad nauseam* by many holding a belief, sincere or not, that it is unconstitutional to require them to pay taxes. The arguments are so well traveled that they even have their own Wikipedia entry.[4] Courts will refuse to provide an analysis of legal arguments that are so palpably spurious, and have been rejected judicially in detailed opinions so many times previously, see e.g., United States v. Thomas, 788 F.2d 1250, 1254-55 (7th Cir. 1986), that to do so would be a waste of limited judicial resources. "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit. The constitutionality of our income tax system – including the role played within that system by the Internal Revenue Service and the Tax Court – has long been established." Crain v. C.I.R., 737 F.2d 1417, 1417-18 (5th Cir. 1984).

This decision having upheld the validity of the penalties, tax, and interest against Astrup, there is no non-frivolous basis for Astrup to challenge the tax liens placed against his jointly held

---

[4] "Tax protester Sixteenth Amendment arguments," available at https://en.wikipedia.org/wiki/Tax_protester_Sixteenth_Amendment_arguments#cite_note-12.  The article is a pretty good summary of the case law in this area.

Long Island residence.  See 26 U.S.C. § 6321.  The liens may be enforced according to law upon entry of final judgment.

The IRS asserts that judgment should be entered against Astrup concurrently with or immediately after entry of this decision.  But it has made no showing for a separate judgment under Federal Rule of Civil Procedure Rule 54(b) and it appears from the docket that there are other parties, including Roseanne B. Astrup, who remain defendants in this action.  (The Court has reviewed the stipulation between the IRS and the New York State Division of Taxation and Finance, which may be enough to allow entry of judgment against the State, but it appears that Ms. Astrup and the Town of Southampton are unresolved parties.)  Final judgment is therefore deferred, although the Court expects the IRS to close out this case in short order.

## CONCLUSION

The motion of the United States for summary judgment is granted.  Entry of judgment is deferred pending further proceedings.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       March 18, 2023